[Crim. No. 3536.    First Dist., Div. Two.    Jan. 11, 1960.]

THE PEOPLE, Respondent, v. ALBERT S. OWENS, Appellant.

Henry J. Broderick, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, Arlo E. Smith, Miriam E. Wolff and Rinaldo A. Carmazzi, Deputy Attorneys General, for Respondent.

KAUFMAN, P. J.—Defendant appeals from a judgment of conviction entered on a jury verdict finding him guilty on two counts of forging and uttering bad checks in violation of section 470 of the Penal Code. He argues that the evidence is insufficient to corroborate the testimony of the accomplice; that the court erred in certain rulings on the evidence, and failed to instruct the jury on the effect of involuntary participation by an accomplice.

The facts are not in dispute. Defendant and Maria Giamoyris were charged by information with forging and uttering two bad checks: one for $67.90, signed by "Betty Bianchi"; the second for $27.98, signed by "Angelina Hubner." Maria Giamoyris pleaded guilty to both counts and then testified against the defendant.

Betty Bianchi, an employee of the Owl Drug Company at Mason and Market Streets in San Francisco, had her check book and other personal items stolen from her locker on June 17, 1957. She knew Maria Giamoyris as a fellow employee. On June 25, 1957, the defendant and Maria Giamoyris entered George's Inc. on Market Street, and selected some clothes for the defendant. When the salesman told the defendant the amount of the bill, the defendant motioned Maria to make out the check. The check was written by Maria in the presence of the salesman and the defendant, and signed with

the name "Betty Bianchi." Maria showed the salesman a credit card of Betty Bianchi as identification. The salesman and the defendant had a conversation about the name Bianchi. The defendant told the salesman that his name was Bianchi and that he was related to the prizefighter, Fred Bianchi.

The evidence as to the second check reveals a similar pattern. Maria was employed for a short time at "Lens Fountain Lunchette" at 910 Market Street in San Francisco. While there, she removed some blank checks from her employer's check book. Angelina Hubner, in June, 1957, saw the defendant and Maria in the cigar store where she worked shortly before she discovered that her wallet had been taken from her purse. On June 25, 1957, the defendant and Maria entered the Cliff House Gift Shop. Maria selected some jewelry and paid for it with what appeared to be a payroll check drawn by Lens Fountain Lunchette and payable to Angelina Hubner. The approval of the check was made on the strength of the identification as Angelina Hubner presented by Maria. During this entire transaction, the defendant was also at Maria's side.

Defendant's first argument is that the corroborative evidence is insufficient to sustain the verdict. There is no merit in this argument. ■ The testimony of an accomplice is alone sufficient to establish the commission of the crime charged. ■ All that the law requires in addition to the testimony of the accomplice is some evidence which tends to connect the defendant with the commission of the offense or from which such connection is reasonably inferable. (*People* v. *Parker*, 80 Cal.App.2d 128 [181 P.2d 16] ; *People* v. *Lyons*, 50 Cal.2d 245 [324 P.2d 556].) ■ "The corroborative evidence need not by itself establish that the crime was committed or show all the elements thereof, but it must relate to some act or fact which is an element of the offense." (*People* v. *Gallardo*, 41 Cal.2d 57 [257 P.2d 29].)

■ The elements of the offense here are the making or passing of a false instrument with intent to defraud. (*People* v. *Morgan*, 140 Cal.App.2d 796 [296 P.2d 75].) In the instant case, defendant's presence and participation in both transactions is amply corroborated by the testimony of the sales manager of George's Inc., and the manager of the Cliff House Gift Shop. [■■ The strength or credibility of corroborating evidence is for the jury. (*People* v. *Kennedy*, 21 Cal.App.2d 185 [69 P.2d 224].) ■ "When as in the present record it is discovered that there is testimony aside from that of the accomplice which tends to connect the defendant with the

commission of the crime, the function of the appellate court is performed." (*People* v. *Goldstein,* 136 Cal.App.2d 778 at 789 [289 P.2d 581]; *People* v. *Gallardo,* 41 Cal.2d 57 [257 P.2d 29].) ██ The test of sufficiency of the corroborative evidence is whether when examined independently of the testimony of the accomplice, it directly connects the defendant with the commission of the offense so as to convince the trier of fact that the accomplice was telling the truth. (*People* v. *MacEwing,* 45 Cal.2d 218 [288 P.2d 257].)

The defendant next argues that the testimony showing he adopted the name "Bianchi" for the purpose of passing the check at George's Inc. was elicited in answer to an improper leading question. We have carefully read the record in this connection and no prejudicial error whatsoever appears.

██ Defendant's final argument is that the court should have instructed the jury that if the accomplice was an involuntary participant, her testimony did not need to be corroborated. The record indicates that the court fully and fairly instructed the jury on accomplices and gave all the instructions designed to safeguard the appellant. Defendant did not raise this matter at the trial, and cannot now complain because the court's instructions were more favorable to him than they might have been.

We conclude that the judgment finds ample support in the record before us.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.